Linda STOUT, by her father and next
friend, Blevin Stout, et al., Plaintiffs-
Appellees Cross Appellants,

v.

JEFFERSON COUNTY BOARD OF ED-
UCATION et al., Defendants-Appellees
Cross Appellants,

v.

UNITED STATES of America, Interve-
nor-Appellant Cross Appellee.

No. 75–2978.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1976.

Wayman G. Sherrer, U. S. Atty., Bir-
mingham, Ala., Paul F. Hancock, Brian K.
Landsberg, Ed. Section, Civil Rights Div.,
Dept. of Justice, J. Stanley Pottinger, Asst.
Atty. Gen., William C. Graves, Atty., Appel-
late Section, Dept. of Justice, Washington,
D. C., for appellant.

Maurice F. Bishop, Donald B. Sweeney,
Jr., Birmingham, Ala., for Jefferson County
Bd. of Ed.

Thomas R. McEniry, Bessemer, Ala., for
Medfield Bd. of Ed.

U. W. Clemon, Birmingham, Ala., Nor-
man Chachkin, Jack Greenberg, New York
City, for other interested parties.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion August 10, 1976, 5 Cir., 1976,
537 F.2d 800).

Before CLARK and GEE, Circuit
Judges.*

*This case has been decided by a quorum. See 28 U.S.C. § 46.

GEE, Circuit Judge:

In its petition for rehearing, the United
States asserts the existence of two factual
inaccuracies in our opinion heretofore ren-
dered.

The first is said to be found in the opin-
ion's observation that "the United States
does not seriously dispute that in Jefferson
County the uprooting [of the dual system]
has been done and a unitary system is oper-
ating." In the opinion, this observation is
prefaced by the phrase, "For here the dis-
trict court has found, and indeed, [etc.]"
The district court indeed did so find, and
the brief of the United States on appeal
observes that "Most areas of the [Jefferson]
County are now operating under acceptable,
nondiscriminatory plans." Returned to con-
text, we think the quote extracted by the
United States to be a fair evaluation of the
overall position taken by its brief in the
case, which was that despite the existence
of a generally acceptable county-wide sys-
tem, the district court erred, as the brief
asserts, in its "failure to apply a remedy
with respect to two historically black
schools . . . ." With that position, the
opinion deals in extenso.

The second factual error asserted is the
opinion's remark that the United States
alone appealed the order below. The peti-
tion states:

For the record, it should be noted that
private plaintiffs, Linda Stout, et al.,
filed a notice of cross appeal on July 22,
1975 and by letter dated October 8, 1975,
advised this Court that they concurred
fully in the brief of the United States and
therefore would not file a separate brief.

The letter referred to reads, in its entirety
(save for caption, salutation and compli-
mentary close):

Private plaintiffs had filed a cross appeal
in the above cause in anticipation that
certain issues might be raised by defend-
ants-appellees on the appeal of the Unit-
ed States. The brief of the United States
adequately discusses those issues; and for

that reason the private plaintiffs wish to concur in the brief heretofore filed by the United States.

It well may be that despite the valedictory tense and tone of the above letter and the absence of a separate brief that these parties did not intend thereby to abandon their precautionary cross-appeal and that the opinion's statement is technically inaccurate. We therefore here supplement it to reflect the above.

In closing, we note that we have responded to the United States' assertions of factual error not because we think them of significance to the opinion or decision herein but because the United States has seen fit to make them and because we are most sensitive to assertions of this sort in such delicate areas as that with which we here deal. At all events, the United States alone has sought rehearing. The petition for rehearing on behalf of the United States is DENIED, and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the petition for rehearing en banc is DENIED.